### The Bank of Utica *vs*. The City of Utica.

A corporation which is liable to taxation upon its capital, cannot be taxed for
its surplus profits remaining on hand and undivided. It can only be taxed
for so much of its capital stock paid in, or secured, as will remain after de-
ducting therefrom the actual cost of the real estate of the company.

Where the illegality of an assessment and taxation of property appears upon
the face of the warrant for the collection of the tax, trespass will lie
against the collector who levies upon property for the payment of such tax.

If the error in an assessment appears upon the face of the assessment roll,
or the assessment is made by the same body which imposes the tax, the
party who has been taxed improperly has a remedy at law, by mandamus,
to compel that body to correct the taxation.

The court of chancery will not refuse to take jurisdiction of a suit, although
the complainant has a perfect remedy at law, if both parties agree to sub-
mit the case to the decision of the court, without objection as to jurisdiction.

THIS case came before the court, upon the complainants'
bill and a stipulation of the parties, for the purpose of settling
the question as to the right, claimed by the city of Utica, to
tax a surplus fund of $70,000, remaining in the bank undis-
tributed, over and above the capital stock of the company.
By the stipulation, the defendants agreed to waive all objec-
tions of form, either as to the jurisdiction of the court or other-
wise, for the purpose of presenting to the chancellor the single
question, whether the complainants were liable to taxation on
their surplus fund. And it was further agreed, that if the de-
cision should be in favor of the bank, the defendants might be
restrained by injunction from collecting the tax. By the as-
sessment roll, it appeared that the bank was assessed for all
its real estate lying in the city, and for its whole capital
stock, except so much thereof as had been paid for real estate
then held by the company in Utica and elsewhere; and also
for $70,000, which was described in the assessment roll as
"other personal property, or surplus fund." And that the

<span style="float:right">March 4.</span>

amount of the tax imposed upon the bank on account of such surplus fund, was about two hundred dollars.

*H. Denio & W. Hunt,* for the complainants.

*Charles A. Mann,* for the defendants.

THE CHANCELLOR.   As the charter of the city of Utica gives to the common council of that city the exclusive control and direction as to the assessment and collection of the city taxes, I think the complainants had a perfect remedy at law, by an application to the supreme court for a mandamus, to compel the common council to correct their assessment and taxation of the property of the bank, if it was illegal.   The remedy by mandamus, however, would be much more imperfect and doubtful, in the case of an ordinary town and county tax, where the assessment is made by one body and the tax is imposed by another ;. especially if the error or illegality did not appear upon the face of the assessment roll.   In the present case, the illegality, if any, appears on the warrant which has been issued, by the common council of Utica, for the collection of the tax.   The complainants, therefore, appear to have another adequate and more certain remedy at law, by an action of trespass, should the defendants attempt to enforce the payment of the tax by a sale of the property of the bank. This court, however, will not refuse to take jurisdiction of a case merely on the ground that the complainant has a perfect remedy at law, if the parties have submitted themselves to the jurisdiction of the chancellor without objection.   (2 *Paige's Rep.* 509.) - By the written stipulation between the parties, for the purpose of bringing this question before the court for a decision upon the complainants' bill alone, the defendants have expressly agreed to waive the objection, that there was a certain and adequate remedy at law, for the complainants, if the construction of the statute is as contended for by them. And in this case there can be no doubt as to the power of the court, if it takes jurisdiction of the cause, to give a perfect remedy to the complainants, by the ordinary decree, for a perpetual injunction against the collection of this tax.   Finding

myself thus legally compelled to apply the maxim, *modus et conventio vincunt legem,* even to a question of jurisdiction, I shall proceed to examine and decide this case upon its merits.

There is no doubt as to the right of the common council of the city of Utica, under the forty-fourth section of the charter, to impose a city tax on the real and personal estate of a monied corporation located in that city ; which tax is to be imposed upon the same property that the board of supervisors of the county of Oneida are authorized to tax for town and county expenses. (*Laws of* 1832, *p.* 26.) Reference must therefore be had to the provisions of the general tax law, as contained in the 13th chapter of the first part of the revised statutes, to ascertain what property is thus taxable. By the first section, (1 *R. S.* 387,) it is declared that all lands and all personal estate, within this state, whether owned by individuals or corporations, shall be liable to taxation; subject to certain exemptions specified in a subsequent clause of the statute. This section of the statute, taken by itself, would, of course, include all the personal estate of a corporation, beyond the amount of its debts, whether more or less than the amount of its nominal capital. The subsequent provisions of the statute, however, show what the legislature mean by the term personal estate, when applied to incorporated companies liable to taxation on their capital. It means so much of the capital stock paid in, or secured, as will remain after deducting therefrom the actual costs of all the real estate of the company. The regulations as to the assessment of incorporated companies, appear to be all contained in the fourth title. (1 *R. S.* 414.) The first section declares what corporations shall be liable to taxation on their capital ; and by a previous provision, all others are exempt from taxation on their personal estates. The second section directs the proper officer of the company to furnish to the assessors of the town or ward where it is liable to be taxed upon its capital, a statement of the amount of its capital paid in, or secured ; the amount of the same which is invested in real estate, at the actual cost of such real estate ; and the amount of the capital stock held by the state, or others, which is exempt from taxation. The principal ob-

ject of this statement appears to be to enable the assessors to ascertain what portion of the capital stock was to be taxed as the personal estate of the corporation. And the sixth section, accordingly, directs the amount of such capital stock to be inserted in the assessment roll in the column of personal estate, after deducting therefrom the cost of the real estate, and the stock which is exempt from taxation. I think it is evident from these different provisions, that the legislature intended to tax corporations upon the nominal amount of the stock itself; and not upon its actual value to the stockholders; except as to manufacturing, turnpike, and marine insurance companies, which are to be taxed on a different principle. If the effects of a corporation have been permitted to increase beyond the nominal value of its capital stock, it is perfectly just and equitable that the excess should be subject to taxation; and it would be equally reasonable, on the other hand, to diminish the amount of tax where a part of the capital had been lost, by the depreciation of property, or otherwise. But the legislature, for the sake of convenience, have only applied that principle to a few corporations, where it was probable there might be a great difference between the nominal and the actual value of their stocks. The object of the eighth section of this title was not to enable the officers of the corporation to reduce the amount of the assessment upon its capital stock, by swearing that the value of the stock does not exceed a certain amount. But it was to enable them to correct any erroneous estimate of the amount of the capital stock liable to taxation as such; and also to reduce an over estimate of the actual value of the real estate described in the assessment roll.

The tax upon the supposed surplus funds of the bank being unauthorized by the existing laws, an injunction must issue to restrain the defendants from collecting the same.