By the Court,
Broxson, J.
So far as relates to the question of taxation, there is no difference between banks created under the general law and those which have special charters.' " Both are corporations; (The People v. Assessors of Watertown, 1 Hill, 616;) and, like other moneyed or stock corporations deriving an income or profit, are liable to taxation on their capital. (1 R. S. 414, tit. 4.) It is not a tax upon income or profits, but upon capital. And the tax is to be levied upon the amount of the capital stock of the corporation paid in, and secured to be paid in, after deducting the amount expended for its real estate, which is taxed separately, and the amount of stock which may be owned by the state and by incorporated literary and charitable institutions. (Id. 1, 2, 6, 10.) No respect is paid either to accumulations or losses of capital in the course of the business of the company • but the amount paid and secured to be paid as capital, is taken as the true sum to be inserted in the assessment roll. (Bank of Utica v. City of Utica, 4 Paige, 399.) It would have been a more just and equitable rule to take the amount of capital as it actually exists at the time of making the assessment. Brit as this would involve an enquiry into the private concerns of the corporation and the persons dealing with it, and as it would often be very difficult, if not impracticable, to arrive at a correct result, the legislature has thought proper to adopt another standard. That standard is so plainly laid down by the statute *23 that, so far as I know, none of our moneyed corporations have heretofore claimed any exemption from taxation on the ground that a part of their capital had been lost; but they have from time to time applied to the legislature to reduce the nominal to the actual amount of their capital, as the only means of diminishing the burden of taxation.
These banks have not set up the loss of a portion of their capital as a ground for reducing the amount of -their assessments ; but it is urged in another form, as the ground for a total exemption from taxation.- The loss of capital is used as a set-off against income or profits. The first affidavit laid before the supervisors was, that the bank “ has suffered a loss of its capital” from several causes “ to an amount exceeding the whole income or profits of the bank for the present year j” and the second affidavit states the same thing in another form, to wit, that the bank has not during the last year been '“ in the receipt of any profits or income over and above the ordinary expenses and losses” of the corporation. This supposes that the supervisors may go into the question of profit and loss, and see how that account stands upon the operations of the bank for the last year. But I do not so read the statute. A tax is to-be levied upon all monied or stock corporations “ deriving an income or profit from their capital, or otherwise.” (1 R. S. 414, § 1.) And the name of the corporation is only to be stricken from the assessment roll when the president or other proper officer shall make affidavit, “ that such company is not in the receipt of any profits or income.” (§ 9.) It is undoubtedly true that “ profits” and “ income” are sometimes used as synonymous terms; but, strictly speaking, “income” means that which comes in/or is received from any business or investment of capital, without reference to the outgoing expenditures ; while “ profits” generally mean the gain which is made upon any business or investment when both receipts and payments are taken into the account. “ Income,” when applied to the affairs of individuals, expresses the same idea that revenue does when applied to the affairs of a state or nation j and no one would *24 think of denying that our government has any revenue because the expenditures for a given period may exceed the amount of receipts.
This statute has plainly distinguished between the gains or clear profits of a corporation,' and its income or receipts. Manufacturing and marine insurance companies, “ whose net annual income shall not exceed five per cent on the capital stock,” are allowed to commute for their taxes. (§ 11.) And turnpike, bridge and canal companies, “ whose net annual income shall not exceed five per cent on the capital,” are wholly exempt from taxation. (§ 12.) But there is no such qualification of the word “ income” when applied to other corporations. They are subject to taxation when they are “ in the receipt of any profits or income.” It is not when the income exceeds the losses, but when there is any income, without regard to losses. If the legislature had intended clear gain or net profits, it can hardly be doubted that some other form of expression would have been used.
The 13th section goes still further to confirm what has already been said. After providing for the total exemption of certain corporations whose “ net annual income” does not exceed a certain sum, the legislature go on in this section to point out the mode of ascertaining the fact on which the exemption rests. Two of the officers must make affidavit stating “ the income and profits, and the total expenditures during the preceding year.” We here find profits as well as income used to designate the receipts of the company, and put in opposition to expenditures. This shows the sense in which the terms “ profits” and “ income” in this statute are to be understood: The exception of particular corporations out of the operation of the general rule laid down by the statute, and making the question of taxation in the excepted cases turn on the amount of net income, amounts to such a legislative construction of the word “ income” in the preceding sections as forbids the exemption which is set up by these banks.
It may be thought unreasonable to impose taxes upon a cor *25 poration which is not in the receipt of any clear profits; but it is no more than happens to the owners of other property both real and personal. The owner is assessed and taxed on the value of his estate, notwithstanding the property may be so managed as to prove a charge .upon the owner, instead of yielding any net profits.
Many of our banks, both free and safety-fund, might for several years past have made out as strong a case for exemption as we have here ; and yet I am inclined to think this the first instance where such a claim has been seriously urged. The fact that the claim has not been set up by those interested to make it, goes to confirm the construction that we think the statute ought to receive.
As no affidavits were produced that the banks were “not in the receipt of any profits or income,” we are of opinion that the names of the companies were improperly stricken from the assessment roll.
Most of what has been said about the two banks is equally applicable to the rail-road company. That falls within the class of “ stock corporations,” and without an affidavit that it was “ not in the receipt of any profits or income,” it should not have been struck from the assessment rolls. Both of the affidavits submitted by the officers of the corporation impliedly, admit that the company was in the receipt of profits or income. The exemption is claimed upon the ground that the income or receipts “ have been absorbed in the necessary expenses, repairs, and improvements,” or, as the other affidavit alleges, in “ the ordinary expenses and losses” of the company. Neither of the affidavits makes out a case for exemption within the meaning of the statute.
I am inclined to think that the assessments upon the rail-road company stand upon still stronger ground than that upon the banks. Such companies are not, like banks, taxed upon capital; but they are, like other land owners, taxed upon the valuation of their real estate in the several towns through which the road passes. (Mohawk and Hudson R. R. Co. v. Clute, 4 Paige, 384; *26 1 R. S. 387, § 1; id. 389, § 6.) The exemption we have been considering, (p. 414, tit. 4,) seems to be confined to a tax on capital, except in the case of turnpike, bridge and canal companies. When the corporation is subject to a tax on capital, the amount paid for its real estate is first deducted, and the land is taxed separately. The exemption goes only to the tax on the balance of capital, and leaves the lands of the corporation, like all other lands, to be taxed without any reference to the debts, income or profits of the owner. In this view of the case, a rail-road company would be liable to assessment, although not in the receipt of any profits or income—the assessment being upon real estate, and the exemption going only to a tax on. capital. Such are my present impressions ; but as this view was not suggested on the argument, and is not necessary to the decision of the case, the question should be considered open for further discussion.
As the legislature has often manifested the disposition to encourage individual effort in works of internal improvement, it is highly probable that they will place unproductive rail-road companies on the same footing with turnpike, bridge and canal corporations. But as the law now stands, this exemption cannot be maintained.
As notice has been given of this application, and we entertain no doubt upon the question, a peremptory writ will be ordered. But the parties will be at liberty to put the matter in such form as will authorize a record to be made of our judgment, upon which a writ of error may be brought if the parties shall be so advised.
Motion granted.