Grover, J.
 

 The judge found as a fact that in March, 1851, when Boyal A. Fox entered into the agreement with Thos. B. Forsyth, by which Forsyth agreed to purchase the first parcel of real estate specified in the complaint, and convey the same to his wife, and paid to him the purchase-price of such land, he (Fox) was owing no debts, and such transaction was made and had in good faith, and .without any fraudulent intent. The counsel for the appellant excepted to the finding that such settlement was not fraudulent, assuming that this exception was sufficient to raise the question, whether there was any evidence in support of this finding. An examination of the testimony shows not only that there was such evidence, but that the facts found were established by uncontro
 
 *301
 
 verted evidence. The plaintiff proved the recovery of several judgments againt Fox in 1842 and 1843, some of which were satisfied of record and some not. The plaintiff introduced in evidence a discharge dated May 1st, 1847, granted by the county judge of Monroe county, by which said Fox, in pursuance of the provision of the Revised Statutes, on the petition of two-thirds of his creditors was discharged from all his debts. In addition to this, Fox testified that in 1850 he owed no debts. There was no evidence in conflict with this, nor any that he contracted any debt, or incurred any liability whatever after his discharge, before the making of the agreement with Forsyth for the purchase of the house and lot in question, and the conveyance thereof to his wife. There was not the sEghtest evidence tending to show an intent of Fox to defraud any subsequent creditor by procuring a conveyance of this property to his wife. Under such circumstances, a husband has the right to make a settlement of property upon his wife, which being entirely free from fraud, will be valid in her favor against his subsequent creditors.
 
 (Phillips
 
 v.
 
 Wooster,
 
 36 N. Y., 412.) The liability upon which the plaintiff’s intestate recovered a judgment against Fox in 1862 was not contracted until August, 1851. That was the covenant of seizin in a deed of certain land in Illinois, conveyed at that time by Fox to the intestate. The testimony shows that Fox, at the time of such conveyance, and for years afterward, believed that the title so conveyed was perfect. This shows that the title of Mrs. Fox to the house and lot was valid, as against the plaintiff’s judgment. The case further shows, that Mrs. Fox, at the request of her husband, conveyed the property in question in 1853 to Mr. Brewster, in payment of Every stock then sold by Brewster to her husband, and that Fox then gave her his note for $3,000 in payment for her interest so conveyed. There was not the sEghtest evidence to impeach this transaction, or to show that the note given by Fox to his wife was in excess of the value of the property conveyed by her to Brewster. Fox carried on the Every business at Rochester, with the stock so purchased,
 
 *302
 
 for a time, and then sold the same, and received $2,250 in cash and some lands in Missouri in payment therefor. He paid the money to his wife, and the same was indorsed upon the note given by him to her. He conveyed the Missouri lands to her for $1,050, which was also indorsed upon the note. There was no evidence that the land was worth more; but the evidence tended to show that it was worth less than the sum paid by the wife therefor. Mrs. Fox subsequently repurchased the house and lot, and paid the $2,250 received from Mr. Fox thereon, giving a mortgage for the balance of the purchase-money. Mrs. Fox thus reacquired a valid title to the house and lot, and also title to the land in Livingston county, received in exchange for the Missouri land, as against the plaintiff. The counsel also excepted to the legal conclusion dismissing the complaint with costs. He now attempts to sustain this exception upon the ground, that conceding that the title of Mrs. Fox was valid against the plaintiff’s judgment, yet that she having died during the pendency of the action, her husband thereupon acquired a legal interest in her real estate, and that instead of dismissing the complaint, a judgment should have been given providing for the sale of this interest and the application of the proceeds to the payment of the plaintiff’s judgment. The counsel cites, in support of this position,
 
 The Bank of Utica
 
 v.
 
 The City of Utica
 
 (4 Paige, 399),
 
 Cumming
 
 v.
 
 The Mayor of Brooklyn
 
 (11 id., 596), and other like cases, in support of his position. These cases hold that, where both parties agree to submit the case to the jurisdiction of chancery, or the defendant omits to raise the objection by plea or in his answer, the court will retain and determine the case, notwithstanding the plaintiff had an adequate remedy at law. This principle has no application to the present case. Here, at the commencement of the action, Fox had no legal interest in the land, and he did not acquire any until long after putting in his answer. The complaint did not allege any, but sought relief upon the ground only that the title of the wife was fraudulent as against the plaintiff. This was the matter litigated. Fox had no opportunity to raise the objec
 
 *303
 
 tion that an execution was the proper remedy for the plaintiff, so far as the interest acquired upon the death of his wife was concerned. He therefore by his silence did not waive it. The judgment appealed from must be affirmed, with costs. All concur.
 

 Judgment affirmed.