JABEZ ELVERSON et al., Respondents, *v.* JACOB VANDER-POEL, Appellant.

It is not to be assumed that extrinsic facts alleged as the foundation of an objection to the competency of a witness are true, as that he has been convicted of felony ; and when no evidence is offered to sustain the objection, and it is overruled, it is to be assumed it was because no foundation was laid for it.

(Argued March 22, 1877; decided April 3, 1877.)

THIS action was brought by plaintiffs as assignees of a certain lease to set aside summary proceedings instituted by defendant, as landlord; to have the lease re-executed, and plaintiffs restored to possession; also for an accounting, plaintiffs claiming that such proceedings were fraudulent.

The court found that defendant, in September, 1871, leased the premises in question to one White for ten years and seven months, who erected buildings thereon, which were sub-let; that in 1872 the lease, for a valuable consideration, was assigned to his three sisters, who are plaintiffs herein, to which assignment defendant assented; that after said assignment, White acted as agent for the assignees in taking charge of the premises. Defendant was authorized to and did collect the rent from the sub-tenants, and after retaining the amount coming to him under the lease, paid over from time to time the balances to White. That in June, 1873, defendant had in his hands more than sufficient to pay the rent then due him, but under an arrangement and in collusion with White, and for the sole purpose of instituting summary proceedings to terminate the lease and dispossess the tenants in possession, he paid over the rents received to White, and immediately instituted such proceedings for alleged non-payment of rent, which resulted in a decision in his favor and in the issuing of a warrant to put him in possession. That said assignees had no notice of such proceedings, and in July, 1873, they assigned the lease to plaintiff Elverson, of which defendant was advised, and he continued after the issuing of the warrant for a time to pay over portions of the rent to

Elverson, but thereafter refused, claiming that the lease was cancelled and annulled.   *Held*, that the findings authorized the relief sought; that White was not the agent of plaintiff in colluding with defendant or in assenting to any act which could destroy their property; that whether the assignment by White was with or without consideration was immaterial, as was also the motive of the transfer, *i. e.*, if with intent to defraud White's creditors, so long as it was not in fraud of defendant.

Upon the trial White was called as a witness for plaintiffs. The case states that defendant's counsel " objected to the witness being sworn, in chief on the ground that he had been convicted of felony and imprisoned for that offense.   Objection overruled; exception taken."   *Held*, that the objection was not well taken, no foundation being laid for it, and that there was no waiver of production of the record of conviction, if one existed, by the decision of the court; the court stating the rule as above.

The judgment was in favor of the other plaintiffs, excluding Elverson.   *Held*, that this was probably error; but as he did not complain, it was immaterial.

*De Witt C. Brown*, for appellant.

*Albert Stickney*, for respondents.

ALLEN, J., reads for affirmance.
All concur, ANDREWS, J., absent.
Judgment affirmed.