THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WILLIAMSBURGH GAS-LIGHT COMPANY, Appellant, *v.* THE BOARD OF ASSESSORS OF THE CITY OF BROOKLYN, Respondent.

*Surplus profits of corporation — taxation on — issuing certificates to stockholders for, does not relieve from.*

The relator, a gas company, in 1870 and 1871, issued to its stockholders certificates representing in the aggregate $1,000,000, each stating that the holder had an interest in the property of the relator to the amount stated therein, upon which amount the relator promised to pay interest at seven per cent per annum, semi-annually, reserving the right to redeem it by paying its amount in currency or stock of the relator at par.

*Held,* that these certificates did not constitute an actual dividend or division of the relator's surplus profits among the holders thereof; that the title to such funds still remained in the relator, and that the certificates merely designated the interest of the respective holders in that portion of the relator's funds which was represented thereby.

*Held,* further, that the amount represented by such certificates, viz., $1,000,000, was properly assessed to the relator as undivided profits or surplus funds.

The question as to the validity of the certificates not passed upon.

CERTIORARI to review an assessment of the board of assessors of the city of Brooklyn, in respect to the personal property of the relator.

*Edgar M. Cullen,* for the relator.

*John H. Knaebel* for the respondent

GILBERT, J. :

The assessment roll not being before us, we cannot tell whether the assessors conformed to the statutory directions in making up the same. Nor is the question a material one in this proceeding. Substantial error must be shown before the court can interfere with the tax. A mistake of the assessors in the form of the assessment is not enough. (*The People ex rel.* v. *The U. & B. R. R. Co.,* 6 Hun, 556.)

The sole question in the case remaining is, whether the relator is liable to be taxed for surplus profits or reserved funds. The

PEOPLE ex rel. W. GAS LIGHT CO. v. ASSESSORS.  197

Second Department, December Term, 1878.

statute, on this subject, makes the capital stock of the relator, except such part of it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserved funds exceeding ten per cent of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations, actually owned by such company, which are taxable upon their capital stock, liable to taxation at its actual value.   (1 R. S. [Edm. ed.], 3,74, *et seq.;* 3 id., 373.)  In its statement, made to the assessors, pursuant to the requirement of the statute first cited, the relator stated that it had no surplus profits or reserved funds.   Nevertheless, the assessors set down those items in the assessment roll.  That the assessors had a right, and it was their duty to do, provided they had evidence before them which controverted the statement of the relator.   The relator, after delivering its statement aforesaid, furnished other evidence respecting its surplus profits and reserved funds upon which the assessors acted, and we deem that evidence sufficient.   The case shows that in the years 1870 and 1871, the relator issued to its shareholders respectively certificates amounting to the aggregate sum of $1,000,000.   Each certificate certifies that the stockholder has an interest in the property of the relator to the amount stated therein, upon which amount the relator promises to pay interest at seven per cent per annum, in semi-annual payments, and also states that the relator reserves the right to redeem the certificate by paying the amount thereof at the option of the relator in currency, or in stock of the relator at par.

The assessors treated those certificates as evidence that a fund existed which was represented by those documents.   We do not see how they could have acted otherwise consistently with their duty.   The certificates state that the persons to whom they were issued have an interest in the property of the company.   Such persons, before they received such certificates, had a ratable interest in all the capital of the company, and such ownership carried with it a ratable interest in its surplus profits and reserved funds. The certificates conferred no additional interest, but merely declared that which the law would have allowed without them. The counsel for the relator cites the cases of *Bailey* v. *R. Co.* (22

198 PEOPLE ex rel. W. GAS LIGHT CO. v. ASSESSORS.

Second Department, December Term, 1878.

Wall., 604), and *Brown* v. *Lehigh Coal Co.* (49 Penn., 270), to show that the issue of the certificates was legal, and that they operated as an actual dividend of surplus profits or reserved funds. The Court of Appeals in *Brundage* v. *Brundage* (60 N. Y., 547), declined to pass upon the legality of the scrip referred to in the case in 22 Wallace. This case can be disposed of without deciding whether the certificates are valid or not. We shall, therefore, express no opinion on that subject. The cases cited do not countenance the proposition that such certificates make an actual division of an existing fund. They merely recognize the obligation created by scrip, payable out of future earnings, and ultimately redeemable in stock issued by corporations which were restricted as to current dividends. Such scrip is very different from the certificates in this case. In whatever form the property to which such certificates referred existed, it was, in contemplation of law, surplus profits or reserved funds. It could not properly be placed under any other general designation. Property of a corporation must necessarily consist of capital or surplus profits or reserved funds. Money paid in and used, which cannot be withdrawn and divided among the stockholders of the company, is capital. Surplus earnings, or net profits, which have been accumulated over and above the capital, cannot be included in capital. They properly fall, therefore, under the other designation. The form in which capital is invested does not change its nature or function. Nor does an investment of surplus profits or reserved funds make them anything else. (*Mut. Ins. Co.* v. *Supervisors of Erie*, 4 Comst., 442; *People* v. *Supervisors*, 4 Hill, 20; *Bank of Utica* v. *City of Utica*, 4 Paige, 399; *People* v. *Supervisors of N. Y.*, 18 Wend., 605.) If it had been shown that the fund which the certificates represent had been expended in purchasing real estate, or in improving that which had been before purchased with capital, or otherwise, a different question would have been presented, for real estate forms a distinct subject of taxation. But that fact, if it be one, does not appear. A loss or dissipation of the fund, or any part thereof, by a destruction or depreciation of the property in which it had been invested, would also have entitled the relator to be relieved *pro tanto* from the tax. But no such casualty was shown or pretended.

The statute regulating taxation was amended in 1853 so as to include surplus profits or reserved funds; for the reason, no doubt, that such property was not included in the word capital. (Lawrence Tax Laws, 26, 29; *Owego Starch Factory* v. *Dolloway*, 21 N. Y., 449–455, *et seq.; People* v. *Dolan*, 36 N. Y., 62.)

It seems to me to be impossible to maintain the proposition, that the certificates referred to constitute an actual dividend of the relator's surplus profits or reserved funds. As before intimated, those certificates merely designate the interest of the respective stockholders; or, if they have been transferred, of the transferees, in that portion of the surplus profits or reserved funds which such certificates represent. Whatever property the relator held as surplus profits or reserved funds, at the time such certificates were issued, it continued to hold afterwards, and for aught that appears before us still holds. The legal title thereto remained vested in the relator, notwithstanding the certificates. No property, nor any right to the specific sum of money passed thereby, and no debt against the relator was created by them. Supposing them to be legal, they are simply the muniments and evidence of the holder's interest in a given share of property of the corporation. (*Sun Mut. Ins. Co.* v. *The Mayor*, 4 Seld., 241; *Mech. Bank* v. *N. Y. & N. H. R. Co.*, 3 Ker., 627, *et seq.; Bailey* v. *Railroad Co.*, 22 Wall., 636, *et seq.*) It seems to me, however, to be immaterial whether they can be considered a debt in any sense or not, for the debts of a corporation are not to be deducted from its surplus profits or reserved funds, in order to ascertain the amount of the latter for the purpose of taxation. The certificates themselves may be liable to taxation in addition to the funds represented by them. But so in some cases are the shares of stock held by a stockholder, notwithstanding the corporation has been taxed on the property which those shares represent. (*Van Allen* v. *The Assessors*, 3 Wall., 573, 583, 584; *People ex rel. Kennedy* v. *Com'rs of Taxes*, 35 N. Y., 423; *City of Utica* v. *Churchill*, 33 id., 237.) The issuing of the certificates may (but probably will not), subject the holder of them to taxation upon them, in addition to that on his shares of stock; but as the value of those shares ought to be diminished by the amount of the certificates, no apprehension of injustice ought to be indulged on that account.

If we are correct in the views expressed, the tax does not exceed that which the relator is liable to pay.

The proceedings should, therefore, be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Order affirmed, with costs and disbursements.