(170 App. Div. 64)

### BLOOMQUIST v. FARSON et al.
### SNOW v. SAME.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1915.)

1. APPEAL AND ERROR &#x21DD;241—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—SUFFICIENCY.

    A motion to dismiss complaint because plaintiff had made out no cause of action, that he was not entitled to any relief in a court of equity on the proof submitted, and that the proof made no cause for equitable relief, is not sufficient to call to the attention of the trial court the objection that plaintiff had an adequate remedy at law.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1413–1416; Dec. Dig. &#x21DD;241.]

2. EQUITY &#x21DD;53—GROUNDS OF JURISDICTION—OBJECTIONS.

    An objection that plaintiff had an adequate remedy at law cannot be raised by motion to dismiss at the end of the case, but must be made by answer.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 173–176; Dec. Dig. &#x21DD;53.]

Appeal from Trial Term, Chautauqua County.

Actions by Otto Bloomquist and by Wallace L. Snow against John Farson and others. From judgments (88 Misc. Rep. 615, 151 N. Y. Supp. 356) for plaintiffs, and orders awarding plaintiffs extra allowance of costs, defendants appeal. Judgments modified and affirmed, and orders affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, and MERRELL, JJ.

Adelbert Moot, of Buffalo, and Hawkins, Delafield & Longfellow, of New York City, for appellants.

L. L. Thrasher and Thrasher & Clapp, all of Jamestown, for respondents.

PER CURIAM. [1] It is urged upon these appeals, apparently for the first time, that plaintiffs have an adequate remedy at law, and that the complaints should have been dismissed at the trial for that reason. It is claimed that the question was raised by the motions to dismiss

the complaints at the close of plaintiffs' case. Among other grounds stated in support of the motion were these:

"That the plaintiff has not made out any cause of action, and that he is not entitled to any relief in a court of equity upon the proof submitted;" also "that the proof submitted makes no case for any equitable relief whatever."

We think the grounds so stated, in connection with the other grounds urged, did not call attention of the trial judge specifically to the claim that plaintiffs' remedy was at law rather than in equity. The motion seems to have been based rather upon the claim that plaintiffs had not made a case entitling them to relief in any court.

[2] But, assuming that it was the intention of plaintiffs' counsel to raise the question that plaintiffs had an adequate remedy at law, we think it was too late at that time to raise such a question. The rule seems to be settled by authority in this state that such a ground of defense must be pleaded by the defendant in his answer. Kobbi v. Underhill, 3 Sandf. Ch. 277; Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541; Ketchum v. Depew, 81 Hun, 278, 30 N. Y. Supp. 794; Baron v. Korn, 127 N. Y. 224, 27 N. E. 804; Watts v. Adler, 130 N. Y. 646, 29 N. E. 131.

The other questions urged by appellants as ground for reversal are, we think, sufficiently and correctly considered and disposed of by the opinion of Mr. Justice Wheeler at Special Term. 88 Misc. Rep. 615, 151 N. Y. Supp. 356.

It was conceded upon the argument that the judgments should be modified, so as to provide for the return to the defendants of the securities which plaintiffs received of them. The proper form of such modifications is as follows:

In the Bloomquist Case there should be inserted in the next to the last paragraph of the judgment, after the words "have execution thereof," and before the words "This provision to become operative at the expiration of ten days," the following:

"That upon recovery of said sum from the said defendants plaintiff deliver to said defendants, or to their attorneys, the said ten bonds of the North Sterling irrigation district and the said ten bonds of the Greeley-Poudre irrigation district so sold and delivered by the defendants to the plaintiff, numbered as hereinabove stated."

In the Snow Case there should be inserted, after the words "have execution therefor," and before the words "This provision to become operative at the expiration of ten days," etc., the following:

"That upon recovery of said sum from the said defendants the plaintiff deliver to said defendants, or to their attorneys, the said eight bonds of the North Sterling irrigation district and the said eight bonds of the Greeley-Poudre irrigation district so sold and delivered by the defendants to the plaintiff, numbered as hereinabove stated."

The judgments appealed from should be modified as above stated, and, as so modified, affirmed, with costs, and the orders granting plaintiffs extra allowances of costs should be affirmed, without costs. All concur.