GIUSEPPE LONGO, Plaintiff, *v.* MARIA GIUSEPPINA SPARANO, Also Known as GIUSEPP NA SPARANO, and VINCENZO SPARANO, Defendants.

Supreme Court, Kings Special Term, October, 1922.

Pleading — equity — a contention that plaintiff has an adequate remedy at law must be separately pleaded as a defense.

Landlord and tenant — specific performance of lease — defense of fraud — when this issue decided in plaintiff's favor, specific performance decreed.

That plaintiff has an adequate remedy at law must be pleaded as a separate defense, and may not be embodied in matter pleaded by way of counterclaim.

Where in an action to compel specific performance of a lease the defendants seek to have it declared null and void on the ground of fraud, the determination of that issue against such contention establishes the validity of the lease and the court has power to grant such relief as may be necessary to carry into effect its decision.

The uncontradicted evidence disclosed that defendants in February, 1921, leased to plaintiff certain premises for a term of three years from May 1, 1921, at a specified rental payable monthly, and that on May 1, 1921, they refused to surrender possession of the premises to plaintiff, and have kept him out ever since. The answer of one defendant did not plead that plaintiff had an adequate remedy at law, but a statement to that effect in the answer of the other defendant formed part of matter pleaded by way of counterclaim and not as a separate defense. *Held,* that the defense that plaintiff had an adequate remedy at law was not sufficiently pleaded.

The real issue being determinable in equity because of the interposition of defendants' contention, and the lease having been adjudged to be valid, plaintiff was entitled to be put into possession of the premises and it will be decreed accordingly.

SUIT to compel specific performance of contract.

*Duncan & Campbell,* for plaintiff.

*John C. Judge,* for Maria G. Sparano, defendant.

*Francis L. Corrao,* for Vincenzo Sparano, defendant.

CROPSEY, J. Plaintiff, claiming that defendants refused to give him possession of a building which he had leased from them, has brought this action seeking to compel defendants to perform and carry out their agreement, and that they be directed to remove from the premises and account to the plaintiff for the rents thereof, and for such other relief as might be proper. The defendants answered separately. The answer of Vincenzo merely denied some of the allegations of the complaint. The answer of Maria, besides denying some of the allegations of the complaint, sets forth that the lease in question was signed by her at the request of the plaintiff and the other defendant without being read or its contents being known to her, and that it was signed with the understanding that it was to be null and void in a certain contingency, which agreement was to have been inserted in the paper, and that through the fraud of the plaintiff the defendant was induced to sign it. This is pleaded as a defense and counterclaim, and as a part thereof there is a statement that the plaintiff has an adequate remedy at law. The prayer for relief in this answer is that the complaint be dismissed, and that defendants have judgment on the counterclaim decreeing that the lease be canceled and declared null and void. Upon the proof introduced there were very few controverted questions of fact so far as plaintiff's claim was concerned. There was, however, a sharp conflict in the proof concerning the defendants' counterclaim. The questions of fact arising thereon were decided adversely to the defendants at the close of the trial. Decision was reserved as to whether plaintiff was entitled to the relief he sought. It is unquestioned that defendants in

February, 1921, leased to plaintiff the building in question for a term of three years from May 1, 1921, at the rental of $720 a year, payable monthly. It is also undisputed that the plaintiff intended to occupy the store in the premises for his own business, which he was conducting elsewhere, and also to live in the premises. While the lease does not require it, the plaintiff admittedly paid $540 in advance at the time of the signing of the lease, and also then paid $200 as a deposit or security, as the lease required. The defendants occupied the store in the building in question and also lived above it, and on May first refused to surrender possession to the plaintiff, and have kept him out ever since. There is no doubt as to the right of the plaintiff to obtain possession of the property. The defendants have no right to hold it as against the plaintiff. The sole question is whether plaintiff may obtain relief in this action, or whether he must bring another form of action. It is defendants' contention that plaintiff has an adequate remedy at law and must pursue that. In order to raise this point it is necessary for the defendants to set it up as a defense. *Ostrander v. Weber,* 114 N. Y. 95, 102; *Town of Mentz v. Cook,* 108 id. 504, 508; *Bloomquist v. Farson,* 170 App. Div. 64; affd., 222 N. Y. 375, 380; *Metropolitan Elevated R. Co. v. Johnston,* 84 Hun, 83, 86; affd., 158 N. Y. 739. The answer of one defendant does not raise the point at all. In the answer of the other the statement is contained, but not as a separate defense. It is there embodied in and forms a part of the matter pleaded by way of counterclaim. I think this defense is not sufficiently pleaded. Furthermore, the defendants sought the equitable jurisdiction of this court to have the lease in question declared null and void. This was based upon the defendants' contention that the lease relied upon by plaintiff was obtained by fraud. This was an issue which properly could be determined by the court upon its equity side, and having been determined against the defendants' contention, and thereby the validity of the lease having been established, this court has the power to give such relief as may be necessary to carry into effect its decision. The only real issue litigated was whether the lease was valid. If it was, the breach of it by the defendants was not denied, and there was no real issue remaining. The lease having been adjudged to be valid, the defendants concededly are wrongfully in possession and are withholding the premises from the plaintiff, who has the right to them. To merely adjudge that the lease was valid and leave the plaintiff without relief here and to relegate him to some other form of action would be virtually saying that this court did not have the power to put life into its decrees. The real issue being one determinable in equity because of the inter-

position of defendants' counterclaim, the decision of that question in favor of the plaintiff entitles him to possession, and this court should decree it. 10 R. C. L. 347, 348, tit. "Equity," § 97; 21 C. J. 65, tit. "Equity," § 39; *Elverson* v. *Vanderpoel,* 9 J. & S. 257; affd., 69 N. Y. 610; *Martin* v. *Martin,* 44 Kans. 295; *Turner* v. *Newman,* 19 Ky. L. Rep. 231; *Porter* v. *Armour & Co.,* 241 Ill. 145, 151. Equity will grant such relief as the exigencies of the case require at the close of the trial. *Lightfoot* v. *Davis,* 198 N. Y. 261, 273. But even though there be an adequate remedy at law, equity will under certain conditions grant relief. *Green Island Ice Co.* v. *Norton,* 42 Misc. Rep. 238; *Backes* v. *Curran,* 69 App. Div. 188; *Traitel Marble Co.* v. *Chase,* 35 Misc. Rep. 233; *Boskowitz* v. *Cohn,* 197 App. Div. 776. The submission by the defendants to the equity jurisdiction of this court of the only real question in issue, namely, the validity of the lease, makes it proper for this court to take jurisdiction and make the proper decree, and it should not refuse to do so upon the ground that plaintiff had a perfect remedy at law. *Bank of Utica* v. *Mersereau,* 3 Barb. Ch. 528, 574; *Bank of Utica* v. *City of Utica,* 4 Paige, 399, 400; *Kobbi* v. *Underhill,* 3 Sandf. Ch. 277. In an action brought to set aside a deed in which plaintiff succeeded, and thereupon became the owner of the property, he was entitled to have the court award him possession of it in the same action. *Lattin* v. *McCarty,* 41 N. Y. 107, 109. Where the plaintiff gave defendant a license to place a few rocks on his property for a short period, and defendant covered the property with large quantities of rock and left them beyond the time, it was held that plaintiff was entitled to equitable relief to compel defendant to remove them, and was not obliged to remove them himself and then sue defendant for his damages in an action at law. *Wheelock* v. *Noonan,* 108 N. Y. 179. The general rule that equity will not act until plaintiff's rights have been established at law is subject to exceptions. *Baron* v. *Korn,* 127 N. Y. 224. "Breaches of contract for the use of real property have always been regarded as not susceptible of adequate compensation in damages, the subject-matter having nowhere in the world its exact fellow." *Borough Bill Posting Co.* v. *Levy,* 70 Misc. Rep. 608. And equity will restrain the forfeiture of the interest of a lessee not in possession. *Koehler & Co.* v. *Brady,* 22 App. Div. 624. Though a landlord is not obliged to put his tenant in physical possession of the leased property, this rule has no application where the property is occupied by the landlord himself or by someone holding under title from him. *Gardner* v. *Keteltas,* 3 Hill, 330; *Mechanics' & Traders' Fire Insurance Co.* v. *Scott,* 2 Hilt. 550; *U. M. Realty & Imp. Co.* v. *Roth,* 193 N. Y. 570, 576. A

landlord who personally occupies the property is obliged to give possession of leased premises to his tenant. And this right may be enforced in an action to compel the specific performance of the lease. *Mattingly's Exr.* v. *Brents*, 155 Ky. 570. Plaintiff's counsel contends further that unless he may have equitable relief he cannot enforce his rights. This is based upon the contention that plaintiff did not have the right to maintain an action in ejectment when his rights accrued on May 1, 1921. Plaintiff's argument is that this right was taken away by chapter 947 of the Laws of 1920. That enactment added section 1531-a to the Code of Civil Procedure, and made the section read as follows: " A public emergency existing, no action as prescribed in this article shall be maintainable to recover the possession of real property in a city of a population of one million or more, or in a city in a county adjoining such city occupied for dwelling purposes, except " such action is brought upon certain specified grounds, which do not exist here. The article of which section 1531-a was a part related to actions to recover real property. The language of this amendment is broad, and plaintiff argues that it takes away the right to maintain ejectment under any conditions except those expressly mentioned in the enactment, and that its application is not confined to cases in which a landlord seeks to remove his tenant. This section was carried into the Civil Practice Act, becoming section 1011-a thereof. That section was amended by chapter 367 of the Laws of 1921 by expressly limiting its application to actions " by a landlord against a tenant." But while this amendment became a law April 30, 1921, and hence prior to the time plaintiff's right accrued, by its terms the amendment did not take effect until October 1, 1921. The amendment referred to may lend some weight to the plaintiff's argument that the original enactment was not intended to be confined merely to actions brought by a landlord against his tenant. But chapter 947 of the Laws of 1920 was one of a series of rent laws, so called, all of which had to do with the relationship of landlord and tenant, and, as all those laws have to be read together, I think this enactment, even before the amendment of 1921, should be held to apply only in such cases. But this matter may not be free from doubt, and where plaintiff's remedy at law is defective or its enforcement attended with doubt a court of equity may intervene. *Johnson* v. *Brooks*, 93 N. Y. 337, 344. Judgment for plaintiff, with costs. The findings and judgment should be settled on notice.

Judgment accordingly.