Frank E. Johnson, J.
Plaintiff sues for specific performance of a contract by defendant to build and lease plaintiff a theatre under a lease agreement which has elaborate provisions in it; the building construction would be an operation extending over a long time and involve a great multitude of details, because of the nature of the building and the numerous provisions of the lease contract relating to its leasing and use. At the end of the plaintiff’s case the defendant moved to dismiss on the ground that the action is brought for relief inherently ungrantable in a court of equity, and that since the court has no jurisdiction of that claim no alternative relief for money damages can be entertained.
It is a fundamental limitation upon the jurisdiction of any equity court that it will not entertain demands that are inherently unenfiorcible by it. A decree in personam is enforced by contempt and whether or not there had been default would involve the trial of a question of fact as to plans, specifications, construction details, etc.; the enormous detail indicated by this contract would put the court in a position of a building superintendent and an architect, passing upon an incredible number of problems arising on a building construction large enough to warrant the mortgage of $140,000. This is so plainly outside of the power and function of a Justice of this court that supervision of the performance of such agreements cannot be entertained; they are outside of the practicable limits of equity jurisdiction.
*316 Pomeroy (4 Equity Jurisprudence [5th ed.], p. 1038) says building contracts are not generally decreed because of lack of machinery for enforcing the decree. He cites, inter alia: Texas & P. R. Co. v. City of Marshall (136 U. S. 393), wherein English and American decisions are cited. In Pomeroy, Specific Performance of Contracts (3rd ed., p. 61), he says: “ The general rule is now well settled that, on account of the great difficulty and often impossibility attending a judicial superintendence and execution of the performance, contracts for the erection or repair of buildings, the construction of works, and the conduct of operations requiring time, special knowledge, skill, and personal oversight, will not be specifically enforced ”, and cites a great mass of authorities.
The sole remedy in such ease is an action for damages for breach; instead of alleging that this plaintiff has no adequate remedy at law, the fact is that it has no adequate remedy in equity.
It is only where a recognized equitable claim is presented that alternative legal relief may be granted; if an equity court is asked to give equity relief that can ordinarily be given, the refusal for special reasons may require entertaining the alternative claim for relief by damages. Such alternative claim can be entertained, however, only where a decree could be granted, that is, where the nature of the claim is such that the court could enforce the decree if it were violated. In such cases the denial of equity relief must not have been because the claim is inherently outside of equity jurisdiction, but solely because, while within the court’s power, the power is withheld for equitable reasons. Under these established rules the money damage claim made here cannot be entertained, so both claims must be dismissed; the first because in its nature it is outside the limits of the jurisdiction of the equity court; the other because it can only be entertained if there is equitable jurisdiction. There being none here, there is no ground for retaining the case for damages.
The foregoing questions were not raised or considered on the appeal; one question only was passed upon (the sufficiency of a defense), so the complaint cannot be held to have survived the tests now applied.
It is impossible to transfer the damage claim to Trial Term because the entire action was báseles sly brought on the equity side; the plaintiff had nothing but an action at law and since the alternative legal demand is so dependent upon this action being rightly brought in equity that it does not otherwise survive, we cannot transfer the damage claim to the Trial Term.
*317 The facts in the Backes case (Backes v. Curran, 69 App. Div. 188) were quite dissimilar; the court could -see at a glance if there was performance as directed by noting if the store was on the comer, and was 20 feet by 56 feet, with a 14-foot ceiling, and had a cellar and a step; there is no similarity between that contract and the one here. The Holden opinion (Holden v. Efficient Craftsman Corp., 234 N. Y. 437) implied that if the owner had been joined a decree for performance would be grantable and given; the contract bore no resemblance to the one here, being a mere agreement to transfer title to land.
The defendant here denied the claim in the complaint of no adequate legal remedy, and asked for no equitable relief; this should satisfy the cases cited in Longo v. Sparano (119 Misc. 402). The motion to dismiss is granted.