HENRY GREEN *et al.*

*v.*

HENRY SPRING.

1. CHANCERY—*courts of—have no jurisdiction, in cases to recover possession of land held adversely.* A bill in chancery cannot be maintained, which simply seeks to recover the possession of land held adversely. In such a case, a court of equity has no jurisdiction.

2. SAME—*in what cases equity will so decree.* A court of chancery will only decree an adverse claimant to deliver possession to the rightful owner, when such relief is incidental to the main object of the bill, and when the power of the court has been invoked for some purpose that belongs to its legitimate jurisdiction.

WRIT OF ERROR to the Circuit Court of Richland county; the Hon. AARON SHAW, Judge, presiding.

The facts in this case are fully stated in the opinion of the court.

Mr. J. G. BOWMAN, for plaintiffs in error.

Messrs. HAYWARD & KITCHELL, for defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery for dower and partition, filed in October, 1864, by Henry Green, and Elizabeth M. Green, his

wife, alleging, that on the 20th of August, 1843, one Asahel L.
Powers died seized in fee simple of two lots in the town of
Olney, leaving said Elizabeth his widow, and without lineal
descendants; that the said Elizabeth, in August, 1845, inter-
married with one Henry Green, and that she is entitled to an
undivided half of said real estate in fee, and a right of dower in
the other half; and that said lots were held under claim of title
by one Henry Spring, who was made defendant to the bill.
Elizabeth M. Green died pending the suit, and her heirs were
made parties, and so much of the bill as prayed dower was dis-
missed by complainants.

After the bill, so far as it related to dower, was dismissed,
there was nothing left upon which the jurisdiction of a court
of chancery could be maintained. It became in substance,
simply an action of ejectment. The defendant, Spring, was in
possession, claiming title to the entire lots under a sale made
in 1845, by the administrator of Powers, for the payment of
debts.

If this sale, as alleged by the complainant, was illegally made,
and one undivided half of the lots belonged to the heirs of Mrs.
Green, the other half belonged to the heirs of Powers, who are
not parties to this proceeding, and not to the defendant. If
he has any interest in the lots, he owns the entirety. This bill
professes to be for dower and partition. The claim for dower is
abandoned, and the only persons with whom partition can be
made are not parties. So far as Spring is concerned it stands
a naked bill to turn him out of possession of land adversely
claimed by him, and to compel an account of rents and profits.
If this bill can be maintained, we are at a loss to perceive why
a bill in chancery can not be maintained in every instance to
recover possession of land adversely held. It is not as if the
bill were filed to set aside the administrator's sale for fraud.
No fraud is alleged, nor other head of chancery jurisdiction.
Indeed, in the bill it does not appear that there has ever been
an administrator's sale. It is merely alleged that Spring is in
possession claiming adversely, and that complainants know of no
title which Spring has to any part of the lots; but that if he

has any it is only to one-half. In the answer, Spring sets up the title claimed by him under the administrator's sale, which is attacked in the argument, on the ground that there was no jurisdiction in the court to make the order, for want of notice. But the bill was not filed to set this sale aside, and when set up in the pleading and proof of defendant, it is insisted that it was void. The bill was properly dismissed, as a bill of partition for want of proper parties, and, so far as it sought to evict an adverse claimant without title, there was nothing, either in the bill or proofs, to give the court jurisdiction. A court of chancery will sometimes decree an adverse claimant to deliver possession to the rightful owner, but only when such relief is incidental to the main object of the bill, and when the power of the court has been called into action for some purpose that belongs to its legitimate jurisdiction.

*Decree affirmed.*