HENRY H. PORTER, Appellant, *vs.* ARMOUR & CO. *et al.*
Appellees.

*Opinion filed June 16, 1909—Rehearing denied October 14, 1909.*

1. INJUNCTION—*equity will not assume jurisdiction to restore party to possession of land.* A land owner has a complete and adequate remedy at law to determine the questions of his title and right to the possession of the land, and it is only in cases where the power of a court of equity has been invoked for some legitimate purpose of its jurisdiction incidental to the main object of the bill that such court will determine the right of possession between a party claiming that right and one holding adversely.

2. SAME—*when allegation of possession is essential.* A bill to enjoin the defendants from maintaining an elevated structure used as a runway for live stock over premises described as a private street cannot be maintained, where there are no allegations in the bill showing that complainant is in possession of the premises described or that he has any rights therein as an abutting owner. (*Burrall* v. *American Tel. Co.* 224 Ill. 266, and *Spalding* v. *M. & W. I. Ry. Co.* 225 id. 585, distinguished.)

3. SAME—*a bill need not show that complainant has not been guilty of laches.* A bill to enjoin the defendants from maintaining a structure over premises described as a private street need not aver the time when such structure was erected, in order to show, as a part of complainant's *prima facie* case, that he has not been guilty of unreasonable delay, since that matter is a defense to be raised by plea or answer, although it may be raised by demurrer if the delay appears on the face of the bill.

4. APPEALS AND ERRORS—*when a freehold is involved.* A freehold is involved upon appeal from a decree dismissing a bill for injunction after a demurrer has been sustained thereto, where the complainant, by his bill, claims to own the land described therein as a private street subject to certain easements, and seeks to enjoin an interference with his rights as the owner of such freehold interest.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

This is an appeal from a decree of the circuit court of Cook county sustaining special demurrers to and dismissing appellant's bill for an injunction.

241—10

Paragraph 1 of the amended bill alleges that in December, 1868, complainant and Martin L. Sykes and John F. Tracy became and were the owners in fee simple and were then seized and possessed of certain lands described in the bill. Paragraph 2 alleges that the complainant and said Sykes and Tracy, so being the owners of said land and so being seized and possessed thereof, subdivided a part if it as "Packers' addition to Chicago," "Packers' second addition to Chicago" and Packers' third addition to Chicago," and laid out and platted the same as in said paragraph described; that in said additions as laid out and platted there were reserved a private alley and two private streets. Paragraph 3 alleges that complainant and said Tracy and Sykes granted in express terms by deeds of conveyance to various persons, and to their heirs and assigns, the right to use and pass over said private ways to various other parcels of land described in said deeds of conveyance, but that the grantors in each of said deeds expressly reserved the right in themselves to use said private ways and the right to grant to any other person or persons the right to use them in common with the persons to whom said rights were granted in said deeds of conveyance, and that complainant and his co-owners had never granted to any person or persons any rights in said private alley and private streets, except the right to travel over, along and upon them. Paragraph 4 alleges the death of Tracy and Sykes, and that complainant had acquired, by purchase from their heirs, devisees, assigns and legal representatives, an undivided seven-twelfths interest in said private streets and private alley; that he has received deeds of conveyance therefor and is now the owner in fee simple of an undivided five-sixths interest therein; that he is also the owner in fee simple and is now seized and possessed of an undivided five-sixths interest in lots 3 and 4 and the west half of lot 2, in block 1, in Packers' second addition to Chicago. Paragraph 5 alleges that, in connection with the lots described in paragraph 4, com-

plainant desires and is entitled to the right to the free and unmolested use of said private streets and private alley for ingress to and egress from said lots. Said paragraph further alleges that the right remaining in the complainant to grant to other persons, in common with others to whom easements of passage had been previously granted, the right to use said private streets and alley for the purposes of travel remains a present and valuable right, which complainant and his co-owners may exercise as they see fit. Paragraph 6 alleges that, except for the easements of travel previously granted in said private streets and alley by complainant and his co-owners, complainant is entitled to the possession of said private streets and private alley; that he has retained the ownership thereof, with right to use and enjoy the same for all purposes which shall not obstruct the easements of passage theretofore granted, as set forth in the bill; that for his own use, and for the purpose of granting to any other person he may see fit a right to use said private ways, complainant has a right to have said premises kept free and clear of all encroachments and obstructions. Paragraph 7 alleges that the defendants (appellees here) have entered upon said premises platted as private streets and a private alley and erected a large structure of wood and iron over, along and across the same; that said structure consists of a large number of heavy posts placed in the ground of which the complainant is the owner in fee simple, supporting a viaduct or runway sixteen feet above the ground, which viaduct or runway is a two-story or double-decked structure built for part of its length of wood, having heavy floors and sides; that said structure is twenty-two feet wide, about forty feet in height and unsightly in appearance; that the posts of said structure physically occupy the surface of complainant's land and the structure obstructs and diminishes the light, view and air upon complainant's premises and forms a continuous and continuing obstruction to his lands and an invasion

of his rights; that defendants have within a year last past
enlarged and increased the size of the said structure and
changed the material of which it was built from wood to
iron in many parts and caused it to be transformed from a
temporary to a permanent structure; that defendants are
maintaining the same as a runway, for the purpose of
bringing cattle and sheep from the stock yards east of said
premises to certain private plants of said defendants located
westerly and south-westerly therefrom. Paragraph 8 al-
leges that defendants have not obtained any license or per-
mission from complainant for the erection of said structure
upon said premises, but without authority or license or pre-
tense thereof, so far as complainant is informed, they have
arbitrarily and willfully entered upon the said premises and
erected said structure; that with full knowledge and notice
of complainant's rights in the premises the said defendants
have within a year last past caused said structure to be en-
larged and the material thereof changed from wood to iron
and are now maintaining the same without any pretense of
right or license; that the posts or supports of said struc-
ture are imbedded in the ground and rest upon foundations
also imbedded in the ground, so that it would be impossible
for complainant to remove the structure without great dif-
ficulty and expense and without entering upon other prem-
ises not owned by complainant. Paragraph 9 alleges that
defendants obtained no permission from complainant or his
grantors for the erection or maintenance of said structure;
that it was erected and has been maintained by said de-
fendants without permission from him or his grantors and
against complainant's protest and contrary to his wishes;
that said structure constitutes an encroachment upon the
premises and is a continuing trespass thereon. Paragraph
10 alleges that said structure is a damage and injury to
complainant's said premises and diminishes the value there-
of, and also diminishes the value of the lots described in
paragraph 4, of which complainant is still the owner, and

the right remaining in complainant to grant to other persons the right to use said premises in common with persons already granted easements of passage thereon is diminished by said structure over, upon and across said premises, and that it is impossible for the complainant to obtain adequate damages for said continuing trespass and obstruction by an action at law; that he can only have adequate relief by the interposition of a court of equity. The prayer is that defendants, their officers, agents, attorneys and servants, be perpetually enjoined from unlawfully intruding upon complainant's premises and from maintaining or operating said structure upon or above complainant's said premises, and that upon a final hearing a mandatory injunction may issue, ordering and requiring the defendants to remove said structure forthwith from complainant's premises.

Defendants each demurred generally and specially to the bill. The general demurrers were overruled. Several causes of special demurrer were assigned, but the court overruled all of them except two. The decree recites: "And the court having considered the said several demurrers filed by the said defendants, it is ordered, adjudged and decreed that the said several special demurrers as to the following matters, to-wit: (1) The failure of complainant to allege the time when the said structures in said amended bill referred to were erected and how long the same had existed prior to the filing of the amended bill of complaint herein; and (2) the failure of the complainant to allege and set forth that the complainant was, at the time of the filing of the bill of complaint herein, in the possession of the said premises described as a private street, referred to in said bill of complaint,—be and the same are sustained to the said amended bill of complaint." Complainant elected to stand and abide by his bill, and a decree was thereupon entered dismissing the same at complainant's costs, and from that decree this appeal is prosecuted.

HENRY RUSSELL PLATT, HORACE KENT TENNEY, and ROSWELL B. MASON, for appellant.

ALFRED R. URION, CHARLES J. FAULKNER, JR., JUDAH, WILLARD, WOLF & REICHMANN, ALBERT H. & HENRY VEEDER, and LOUIS C. EHLE, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellees have entered a motion to dismiss the appeal on the ground that no freehold is involved. If this were true, it would not require a dismissal of the appeal but would necessitate the case being transferred to the Appellate Court. Complainant in his bill claimed a freehold interest in land, and the decision denying his right thereto under his bill, and dismissing the same, was a denial of the right asserted by him in his said bill, and we think involved a freehold. The motion will therefore be denied.

It will be observed from the substance of the bill set out in the statement preceding this opinion that there is no averment of the time when the structure complained of was first erected and how long it has been continuously maintained and operated. Neither is there any averment that complainant was at the time of filing the bill in possession of the property. The chancellor held the bill to be defective in both these respects and sustained special demurrers specifying these grounds of objection.

Appellant insists that the allegations of the bill show, and must be held to be, in effect, averments that complainant was in possession. We do not so understand the language of the bill. It avers that complainant and others were in December, 1868, the owners and in possession of the property of which the private streets and alleys are a part; that subsequently the property was platted into three additions, reserving the private streets and alley in controversey; that afterwards complainant became the owner of

five-sixths of said property, and that, except for the ease-
ments of travel granted to other persons, complainant and
his co-owners are entitled to the possession of said private
streets and alley.   It is true, the bill avers that complainant
had reserved the right to grant easements of passage to
other persons, and that defendants without any license or
permission from complainant, and without any authority
or pretense thereof, so far as complainant is informed, had
erected the structure complained of on the property in con-
troversy.   We do not consider this an allegation, or the
equivalent of an allegation, that complainant is in posses-
sion.   Such an allegation is essential, in cases of this char-
acter, to the right to maintain the bill.   The rule is, that
courts of equity will not assume jurisdiction to determine
disputes as to mere legal titles or the right to possession of
real property.   The owner of land has a complete and ade-
quate remedy at law to determine his title and his right
to possession, and he cannot invoke the aid of a court of
equity, ordinarily, to restore him to possession of property
he is the owner of where that possession has been invaded
by another, but must resort to his action at law.   It is only
in cases where the power of a court of equity has been
called into action for some legitimate purpose of its juris-
diction, incidental to the main object of the bill, that the
court will determine the right to possession between a party
claiming that right and one holding adversely.   (*Green* v.
*Spring,* 43 Ill. 280; *Daniel* v. *Green,* 42 id. 472; Story's
Eq. Pl. sec. 476; Pomeroy's Eq. Jur. sec. 177; 16 Cyc.
52.)   What is sought by complainant here is, in principle,
analogous in this respect to a bill to remove cloud from
title, and an allegation of complainant's possession is nec-
essary to give a court of equity jurisdiction to entertain the
bill. · *Gage* v. *Abbott,* 99 Ill. 366; *Gage* v. *Ewing,* 114 id.
15; *Clay* v. *Hammond,* 199 id. 370; *Delaney* v. *O'Don-
nell,* 234 id. 109; *Lister* v. *Glos,* 236 id. 95.

Appellant contends that the allegations of the bill show he has the same character of possession that the complainants had in *Burrall* v. *American Telephone Co.* 224 Ill. 266, *Spalding* v. *Macomb and Western Illinois Railway Co.* 225 id. 585, and *Carpenter* v. *Capital Electric Co.* 178 id. 29. In the *Spalding case* the bill was filed by an abutting property owner for a mandatory injunction to compel the removal of a railroad from a street which the complainant alleged he owned the fee in, subject to the easement in the public for a street; and in the *Burrall case* the bill was filed by one who claimed to own the fee in land over which the public had an easement for a highway in which the defendant had erected telephone poles, with cross-arms, and strung wires thereon, without having first acquired the right to do so, by consent or otherwise. In these cases the possession of the complainants was not raised or discussed. But it is clear physical possession in such cases was impossible while the public easement existed, and in such cases courts of equity have jurisdiction to interfere at the suit of the owner of the fee, not to restore him to possession, but to prevent subjecting his fee to an additional servitude by one who acts without authority. In the *Carpenter case* the property in which an obstruction was placed was a private alley. The fee belonged to the complainant, an abutting property owner, and the alley was created for his use and the use of owners of adjoining property. It only extended part of the way through the block. The case was tried on its merits, and no question appears to have been raised as to the possession of the complainant or the sufficiency of the allegations of the bill with respect to that question. In the case now under consideration the property is alleged to be the property, in fee, of complainant. It is true, the bill alleges that complainant has granted to certain persons the right of passage over said property; but this would not, in law, divest him of possession if he was in possession of it. He would still retain such possession as was consistent

with the rights of passage granted to others.  It may well be that the proof would not be required, in such cases, to show that no one else had any right of possession in connection with and subject to complainant's rights, but this would not obviate the necessity of an averment of possession.  We do not understand appellant to contend that no averment of possession is necessary, but it is contended that, taking all the averments of the bill together, they sufficiently allege possession when the character and situation of the property are considered.  It may be observed that it does not appear from the allegations of the bill that the two lots which the bill alleges appellant owns and is in possession of, abut upon the private ways in controversy, so that no question of the rights of an abutting property owner is presented.  In our opinion it was vital that the bill should have alleged possession in appellant in order to give a court of equity jurisdiction to entertain it.

Appellees insist that the bill was obnoxious to special demurrer for the reason that it contained no averment as to the time when the structure complained of was erected and how long it had been maintained.  This contention is based upon the theory that the time is essential in determining whether appellant is barred of his right to the relief, either by *laches* or by the Statute of Limitations.  If it appeared upon the face of the bill that the appellant was barred for either of these reasons the bill would have been bad on demurrer.  (*Schnell* v. *City of Rock Island,* 232 Ill. 89; *Kerfoot* v. *Billings,* 160 id. 563.)  Here, the bill stating no time when the structure was erected, there is nothing upon the face of the pleading from which it appears appellant has been guilty of unreasonable delay in bringing his suit.  In the *Spalding case* the precise question here involved was presented and it was contended that the complainant had been guilty of *laches,* and on this subject the court said, on page 592 : "There is no specific allegation in this bill as to when this road was first operated.  What

amounts to *laches* will depend upon the special facts and circumstances as shown in each case. The general rule in this jurisdiction is, that the defense of *laches*, to be availed of, must be set up by plea or answer, so as to afford the complainant an opportunity to amend the bill by inserting allegations accounting for the delay." The rule adopted in this State is, that where it does not appear upon the face of the bill that the complainant has unreasonably delayed the assertion of his right, the question whether it be *laches* or the Statute of Limitations must be raised by plea or answer. *Coryell* v. *Klehm,* 157 Ill. 462; *Dawson* v. *Vickery,* 150 id. 398; *Darst* v. *Murphy,* 119 id. 343.

Appellees contend that the demurrer on the ground that the bill failed to allege when the structure was placed upon the premises was properly sustained by the chancellor, not because the bill failed to show complainant was not guilty of unreasonable delay, but because the complainant was required to make such allegations as entitled him, *prima facie,* to the relief prayed, and to do this he was required to show by his bill that he had acted with reasonable promptness. This is, in effect, to say that a bill which does not show on its face unreasonable delay because there is no allegation of the time of the committing of the grievance complained of, stands upon the same basis as a bill which states the time, and shows, apparently, unreasonable delay, without giving reasons excusing it. This court has made the distinction that as to the first mentioned class of bills unreasonable delay of the complainant must be raised by plea or answer, while as to the latter class of bills the question may be raised by demurrer. In our opinion the bill in this case was not obnoxious to the special grounds of demurrer that it did not show on its face that complainant had not been guilty of unreasonable delay. That question could only properly be raised by plea or answer.

Appellees assigned numerous other grounds of special demurrer which the chancellor did not sustain, and they

have now assigned cross-errors on those rulings and ask that the decree be reversed and the cause remanded, with directions to the chancellor to sustain said special causes of demurrer and again enter a decree dismissing the bill. As the decree already entered dismissed the bill and as we affirm that decree on the grounds stated herein, we do not ·deem it necessary to go into an investigation and discussion of the cross-errors assigned, for the purpose of determining whether the court was right or wrong in passing on other grounds of special demurrer.

The decree of the circuit court is affirmed.

*Decree affirmed.*