## Mary M. D. Cory et al., Appellants, v. City of Hillsboro, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Mary M. D. Cory and others, complainants, against the City of Hillsboro, defendant, for injunc-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion to restrain defendant from rebuilding a certain highway dyke or grade washed away by a flood and to require defendant to remove such dyke or grade as an obstruction to the natural flow of the water. From a decree denying the relief asked and finding the complainants guilty of laches as to removal of the existing grade, complainants appeal.

WILLIAM ABBOT and HILL & BULLINGTON, for appellants.

J. M. BAKER, for appellee; LANE, DRYER & BROWN, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. EQUITY, § 73*—what constitutes laches. Laches is negligence or omission to assert a right.

2. EQUITY, § 73*—what constitutes laches. Laches, in a general sense, is the neglect for an unreasonable and unexplained length of time to do that which could and should have been done earlier, if at all.

3. EQUITY, § 74*—what is rule as to determination of laches. There is no absolute rule by which to determine what constitutes laches, but it depends on the circumstances of each particular case.

4. EQUITY, § 79*—what is nature of laches as defense. Laches is an equitable defense and is allowed to do justice between the parties under all the circumstances without regard to the statute of limitations or the passage of any definite period of time.

5. EQUITY, § 74*—discretion of court as to determination of laches. What will constitute laches in a given case rests largely in the conscience and discretion of the court.

6. APPEAL AND ERROR, § 1350*—when decision of court as to what constitutes laches not disturbed. Unless the discretion of the court in determining the question of laches in a case is abused it will not be interfered with by a court of review.

7. EQUITY, § 74*—when delay in bringing suit is bar to recovery. Failure to use reasonable diligence in bringing a suit to enforce a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

right after the facts are known to a complainant is fatal to his right to recover.

8. EQUITY, § 78*—*when delay in filing suit for injunction against city to require removal of grade is fatal.* Where a city unlawfully raised the grade of a certain highway several feet above the natural surface and complainants had personal knowledge of such grade, and that a great amount of work was being done and money expended by the city in raising such highway and they made no effort to prevent such grading for fifteen years until the time of filing suit against the city for an injunction to require removal of such grade, *held* that the finding in such suit that complainants had slept on their rights and decree denying such injunction were not an abuse of the court's discretion.