J. H. FRANKENFIELD *et al.* Appellees, *vs.* ADOLPH O. ROSS *et al.* Appellants.

*Opinion filed December 21, 1927—Rehearing denied Feb. 10, 1928.*

1. SPECIFIC PERFORMANCE—*forfeiture is not favored.* Forfeiture is a harsh remedy and is not favored by courts of chancery.

2. SAME—*abandonment of a contract must be clearly proved.* Where abandonment of the contract is relied upon as a defense to a suit for specific performance there must be shown a clear intention of the parties to abandon the contract, as courts will indulge no presumption in favor of a waiver of a contract nor infer a waiver or abandonment upon slight proof.

3. SAME—*when vendors cannot declare abandonment or forfeiture.* Where the contract provides that the purchase price shall be paid only when a good and sufficient warranty deed shall be ready for delivery the purchasers are not required to tender the balance of the purchase price before the deed is ready for delivery, and vendors who have never tendered such deed cannot declare a forfeiture or claim that the contract was abandoned because the purchasers did not tender the purchase price until a few days after the time fixed for completion of the transaction.

APPEAL from the Circuit Court of DuPage county; the Hon. WILLIAM J. FULTON, Judge, presiding.

BUNGE, GROTEFELD & BUNGE, for appellants.

HADLEY & WEAVER, and SAMUEL J. HOWE, for appellees.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Appellants, Adolph O. Ross and Elizabeth Ross, his wife, have appealed to this court from a decree of the circuit court of DuPage county in a suit brought by appellees, J. H. Frankenfield and Verne Frankenfield, his wife, for

the specific performance of a certain contract entered into August 7, 1922, and a contract supplemental thereto of April 30, 1923, wherein appellants, as joint tenants, agreed to sell to appellees, as joint tenants, certain real estate for the sum of $4800, of which $1800 was paid as earnest money and the balance of $3000 was by the original contract to be paid on or before May 1, 1923, at the office of Charles Haller or at Ross' place of business, provided a good and sufficient warranty deed conveying to the purchasers a good title to the premises should then be ready for delivery. A complete abstract of title was to be furnished within a reasonable time and a continuation thereof brought down to date. In case the title, upon examination, was found materially defective within ten days after the abstract was furnished, then, unless the material defects were cured within sixty days after written notice thereof, the earnest money was to be refunded and the contract to become inoperative. The original contract also provided that if the purchaser failed to perform the contract promptly at the time and in the manner specified, the earnest money paid should, at the option of the vendors, be forfeited as liquidated damages and the contract should become null and void. Time was made of the essence of the contract and of all the conditions thereof. The supplemental contract was as follows:

"DOWNERS GROVE, ILL., *April 30th, 1923.*

"This is to certify that we the undersigned have this day agreed to extend the attached contract from May 1st, 1923, to November 1st, 1923, all conditions on the attached contract to be the same it being understood however that the seller shall have the privilege to demand the payment in full of the attached contract within 30 days after written notice to the purchaser, the purchaser shall also have the privilege to make payment in full on the attached contract."

The original bill of complaint was filed on the 27th day of December, 1923, and alleged the making of the original and supplemental contracts; that the complainants were

not informed until the 7th day of November, 1923, that a merchantable abstract of title to the premises in question had been delivered by the sellers to Charles Haller, and hence had no opportunity to examine the abstract or have the same examined for their account; that through inadvertence and oversight on their part the deferred payment of $3000 provided for in the original and supplemental contracts to be paid to the sellers on the first day of November, 1923, was not made or tendered to the sellers or to anyone for their account; that they were able and willing to make the payment, and that when their attention was called to their failure to make the payment on the first day of November, 1923, Frankenfield, on the fifth day of November, 1923, tendered performance of the contracts and offered to pay to the sellers the sum of $3153 on account of principal and interest; that Ross refused to accept the money, and on account of such refusal Frankenfield deposited the money with Haller, at whose office the money was payable according to the terms of the contracts; that on the 6th day of November, 1923, Frankenfield served notice on appellants that said sum of money had been deposited with Haller with authority to pay the amount to them and any additional sum that might be due by virtue of the terms of the contracts; that appellants caused to be prepared a written notice, dated November 6, 1923, notifying appellees that owing to their failure to comply with the terms and conditions of the contracts appellants declared the contracts terminated and at an end; that a copy of the notice was mailed to each of the appellees and that the notice was received by them on the 7th day of November, 1923; that the money so deposited with Haller had by him been deposited in the First National Bank of Downers Grove, ready to be paid to appellants whenever they evinced a willingness to comply with the terms of the contracts.

Appellants answered the bill of complaint, denying that appellees were not informed as to the delivery of the abstract of title, and alleged that the abstract was brought down to the first day of June, 1923, and on that day deposited with Haller for appellees. The defense set up in the answer is twofold: First, that the contracts were canceled by mutual consent on November 5, 1923; and second, that the contracts were declared forfeited by notices mailed to appellees November 6, 1923. After answering, appellants filed their cross-bill setting up the original and supplemental contracts, alleging the payment by appellees to appellants of the sum of $1800 on August 7, 1922, the possession of the abstract of title by Haller, as appellees' agent, the readiness, willingness and ability of appellants at all times to perform all the obligations imposed upon them by the contracts, the cancellation of the contracts by mutual consent of the parties, and the sending of notices by appellants to appellees of the termination of the contracts. The cross-bill prayed for a decree declaring the contracts null and void and that all rights which appellees had thereunder may be declared forfeited and determined. By leave of court appellants filed two amendments to their cross-bill, the first alleging that by virtue of the terms of the contracts appellees agreed to pay all taxes and assessments levied after the year 1922, and that they have wholly failed to comply with the terms of the contracts in that respect; that the property in the contracts described was returned delinquent for the failure to pay the general taxes levied and assessed for the year 1923 and that they have been paid by appellants. The second amendment alleged that the sum of $1800 paid as a part of the purchase price for the premises in question became forfeited to appellants as liquidated damages, but in order to do full and complete equity in the premises appellants offer to refund and pay to appellees said sum of $1800, together with reasonable interest thereon.

Issues having been formed, the cause was referred to a master in chancery to take the evidence and report his conclusions thereon. The master, after hearing the evidence, made his findings in accordance with the allegations of appellees' bill, and, having overruled objections thereto, made his report to the court accordingly, recommending the entry of a decree for specific performance in accordance with the prayer of appellees' bill. The court, after a hearing upon the report of the master and appellants' exceptions thereto, entered a decree for specific performance in accordance with the recommendation of the master and dismissed appellants' cross-bill for want of equity.

The undisputed evidence shows the ownership of the premises by appellants, the execution of the original and supplemental contracts, the payment of the $1800 earnest money, that appellees did not tender or offer to pay to appellants the balance of $3000 of the purchase price prior to November 5, 1923, and that appellants did not at any time tender to appellees or cause to be prepared the warranty deed provided for in the contracts.

With reference to the alleged cancellation of the contracts on November 5, 1923, Ross testified that on that day Frankenfield called on him at his place of business and that he had in his hand either the original or supplemental contract, which he offered him, saying: "Ross, here is your contract; I cannot meet the payment; I cannot take the lot; cancel the contract and treat me like a good fellow;" that he (Ross) replied: "All right; I will cancel the contract, and to show you that I am a good fellow I will give you back the $1800 which you have paid, less interest accrued on the $3000 which was due on the first day of November;" that thereafter some considerable discussion ensued, and Frankenfield left witness' place of business. Ross is corroborated in his statement by two of his employees. Frankenfield testified that he did call on Ross in the forenoon of November 5, 1923, and that he told Ross that the

money was in Haller's possession and for Ross to come with him to Haller and get the money, and denied Ross' statement with reference to the conversation as to the cancellation of the contracts. Even if it be conceded that Ross' testimony as to this conversation be true, it did not amount to a cancellation of the contracts, because his testimony shows that the terms of the cancellation were not agreed upon by the parties. With reference to this conversation the master found that no agreement was made or entered into at that time, verbally or otherwise, by which the contracts were mutually canceled or annulled. The master found, and his finding is warranted by the evidence, that on November 5, 1923, appellees were ready, able and willing to pay to appellants the balance of $3000 of the purchase price and had on deposit on that date for that purpose the sum of $3153 with Haller; that on November 6, 1923, appellees served a written notice on appellants of such deposit and that Haller had been authorized and directed to turn the same over to appellants upon delivery of a deed and abstract, as provided for in the contracts; that on November 6, 1923, appellants caused to be prepared notices directed to appellees, notifying them, in effect, that owing to their failure to comply with the conditions of the contracts appellants declared such contracts terminated and that all money paid pursuant to the contracts was forfeited. A copy of this notice was sent by registered mail to each of appellees but was not delivered to them until November 7, as shown by the stamp of the Downers Grove post-office. The master also found appellants were never, at any time prior to November 6, 1923, prepared to deliver the deed provided for in the contracts and to consummate the deal therein provided for; that they never declared or attempted to declare the purchasers in default at any time prior to the preparation and mailing of the notice hereinabove described; that prior to the attempted forfeiture of the con-

tracts by appellants, appellees had notified appellants of their ability, willingness and preparedness to consummate the real estate deal, and that the attempt to forfeit the contracts after the receipt of the notice was ineffective and legally insufficient for that purpose.

Forfeiture is a harsh remedy, which is by no means favored by courts of chancery. (*Watson* v. *White,* 152 Ill. 364.) Where an abandonment is relied upon there must be shown a clear intention of the parties to abandon the contract, (*Mix* v. *White,* 36 Ill. 484,) as courts will indulge no presumption in favor of a waiver of a contract nor infer a waiver or abandonment upon slight proof. (*Evans* v. *Gary,* 174 Ill. 595.) Under the terms of the contract in question the payment of the purchase price was only to be made "provided a good and sufficient warranty deed conveying to said purchaser a good title to said premises shall then be ready for delivery." Appellees, therefore, were not required to tender the balance of the purchase price before appellants had their deed ready for delivery, (*Macy* v. *Brown,* 326 Ill. 556,) and until such deed was ready for delivery appellants could not lawfully declare the contracts forfeited for a failure to pay the balance of the purchase price. On November 6, 1923, while the contracts were still in force and effect, appellees were ready, able and willing to carry out the same and notified appellants in writing to that effect. Under the evidence the court properly decreed appellants to specifically perform the contract and give to appellees their deed for the premises.

The decree of the circuit court is affirmed.

*Decree affirmed.*