(No. 20184.—

THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellant, *vs.* MARGARET L. EMERSON *et al.* Appellees.

*Opinion filed October 25, 1930—Rehearing denied Dec. 9, 1930.*

George A. Basta, (Ning Eley, and H. J. Thal, of counsel,) for appellant.

Thompson, Tyrrell & Chambers, and Taylor, Miller, Busch & Boyden, (Joseph T. Tyrrell, Francis X. Busch, and James J. Magner, of counsel,) for appellees.

Mr. Justice Heard delivered the opinion of the court:

November 30, 1925, appellant, the Forest Preserve District of Cook County, filed its bill in chancery in the circuit court of Cook county against appellees, Margaret L. Emerson and George H. Emerson, her husband, praying for the specific performance of a contract for the sale of real estate, and thereafter filed two amended bills. Appellees answered, denying the making of the contract and other material allegations of the amended bill. The cause was referred to a master in chancery, who heard the evidence and made a report recommending a decree in favor

of appellant in accordance with the prayer of its amended bill. Exceptions to the master's report were sustained by the court and a decree was entered dismissing the amended bill for want of equity. From this decree appellant has appealed to this court.

On January 6, 1922, appellees made a written proposal to the board of forest preserve commissioners of Cook county to sell and convey by warranty deed to the Forest Preserve District of Cook County, free and clear of all liens and encumbrances, one hundred acres of land described in the proposal, for the sum of $380 per acre, payable in cash. The offer stated that it would hold good until revoked in writing. At a meeting of the board of commissioners of the district the proposition of appellees was accepted and a record of such acceptance made in the minutes of the board, and the evidence shows that thereafter appellant went into possession of the premises. Appellees claim that they had no notice of appellant's acceptance of their proposition or of its possession of the premises. This claim is not tenable. By the terms of the proposal appellees agreed to furnish appellant either a Torrens certificate, abstract or guaranty policy. Appellees had no abstract of title, and shortly after the acceptance of their proposition both appellees went to the county building, to the office of the attorney for the district, and had a conference with him. Thereafter appellees commenced proceedings for the registration of their title under the Torrens act, making the forest preserve district, among others, a party to the proceedings, and upon the hearing of such proceedings each of appellees testified that the premises here in question were occupied by the forest preserve district in anticipation of a sale. In the decree of the circuit court in the registration proceedings the court specifically found that the title of appellees to the premises in question was subject to the interest of appellant under an agreement of sale of the premises. Appellees and appellant were both parties to these

proceedings and are bound by the finding of fact of the circuit court therein.

The decree for the registration of title was entered in the circuit court September 18, 1923. Thereafter, at numerous times the attorney for appellant had conferences with attorneys claiming to represent appellees, but at no time was appellant furnished either with a Torrens certificate, abstract of title or guaranty policy prior to the commencement of these proceedings.

It is claimed by appellees that appellant abandoned the contract and was guilty of *laches* in bringing the suit. There is no evidence in the record that appellant at any time did any act which indicated an intention on its part to abandon the contract. Its officials testified that they were at all times able, ready and willing to fulfill their part of the contract. Appellees at no time prior to the bringing of this suit attempted to declare a forfeiture of the contract and at no time were they in a position to declare such forfeiture, as they themselves were in default in not furnishing to appellant either a Torrens certificate, abstract of title or guaranty policy. Appellant was under no obligation to take any steps in the matter until appellees had complied with this condition of the contract to be performed by them. The furnishing of the indicia of title by appellees was a condition precedent to any act on appellant's part. No demand for the same was necessary and no demand from appellant to appellees with reference to the taking of title was required. (*Krabbenhoft* v. *Gossau,* 337 Ill. 396; *Neidhardt* v. *Frank,* 325 id. 596.) Where an abandonment is relied upon there must be shown a clear intention of the parties to abandon the contract, (*Mix* v. *White,* 36 Ill. 484,) as courts will indulge no presumption in favor of a waiver of a contract or infer a waiver or abandonment upon slight proof. Appellant was not required to tender the purchase price before appellees had their deed ready for delivery, and until such deed was ready

for delivery appellees could not lawfully insist upon the forfeiture of the contract. (*Frankenfield* v. *Ross,* 328 Ill. 487; *Macy* v. *Brown,* 326 id. 556.) The master in his report found "that the record in this case is barren of any facts which would excuse the sellers from carrying out their contract other than the fact that the property has enhanced in value," and we agree with him in such finding. Where a valid contract exists for the sale of land a court of equity will enforce it as a matter of right where it was fairly and understandingly entered into and no circumstances of oppression or fraud appear, (*Seglin* v. *Lemein,* 334 Ill. 566,) even though the value of the property had increased materially. *Simons* v. *Morris,* 333 Ill. 183.

There is no evidence in the record showing or tending to show that appellees were in any manner prejudiced by appellant's failure to bring suit for specific performance sooner. *Laches* is such neglect or omission to assert a right as, taken in conjunction with lapse of time more or less great and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity. (*Morse* v. *Seibold,* 147 Ill. 318.) In an equitable proceeding it is only when by delay or neglect to assert a right the adverse party is lulled into doing that which he would not have done or into omitting to do that which he would have done in reference to the property had the right been properly asserted that the defense of *laches* will be considered. *Simons* v. *Morris, supra; Neidhardt* v. *Frank, supra; Troyer* v. *Erdman,* 320 Ill. 140.

The contract for the sale of the land was fairly and understandingly entered into and no circumstances of oppression or fraud appear. Appellees made a written proposition for the sale of the premises in question to appellant and fixed their own price for the same. Their proposition was accepted, and appellant has at no time been in default as to any of its undertakings. The master in chancery correctly held that appellant was entitled to a decree for

the specific performance of the contract, and the circuit court erred in sustaining appellees' exceptions to the master's report.

The decree of the circuit court is reversed and the cause remanded to that court, with directions to enter a decree for the specific performance of the contract.

*Reversed and remanded, with directions.*