H. H. Messick, Appellant, v. Ernest J. Mohr et al., Appellees.

Gen. No. 9,065.

Opinion filed October 15, 1937.

HENRY H. MOREY, of Decatur, for appellant.

BUSCH & HARRINGTON and C. E. TATE, of Champaign, for appellees; WILLIAM L. SPRINGER, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.

This is an appeal from a decree entered by the circuit court of Champaign county, sustaining defendants' motion in the nature of a demurrer to the com-

plaint and dismissing the cause for want of equity at the costs of plaintiff.

The facts alleged in plaintiff's verified complaint set forth in substance that on April 27, 1927, he purchased from the payee a promissory note signed by the defendant Ernest J. Mohr due one year after date for the principal sum of $685; that on April 15, 1928, he notified Mohr that he was the owner of this note, and that on April 26, 1928, there would be due thereon the sum of $719.25; that thereupon on April 20, 1928, Mohr and his wife conveyed by warranty deed to W. O. Dale, 145 acres of farm land inherited from Mohr's father in 1926 and set off to him in partition at the value of $20,000, which is also its present value, for an alleged consideration of one dollar and other valuable consideration, which deed to Dale was made subject to a mortgage lien of $2,500 payable to the Dighton-Dilatush Company and maturing in 1961.

On March 25, 1929, plaintiff recovered a judgment by confession on the Mohr note in the circuit court of Macon county, Illinois, for $862.59 and costs of suit and on March 27, 1929, a transcript of this judgment was filed in the circuit court of Champaign county, Illinois, and execution was issued and served on the defendant Mohr; that on October 15, 1935, an alias execution was issued out of the circuit court of Champaign county, and was returned "No property found"; that no part of this judgment had been paid or satisfied and that there are no setoffs nor counterclaims in favor of defendant Mohr against the same. The complaint seeking a remedy in equity herein was filed on February 25, 1936.

It is further alleged that the defendant W. O. Dale is an elderly man, owns land adjoining the land of the defendant Mohr and that he is related to said defendant, administered on the estate of his father, and was the confidant and business advisor of Mohr in his affairs; that after demand and notice of plaintiff's in-

debtedness, Mohr went to Dale and together they went to the office of an attorney and executed and caused to be recorded the deed in question to Dale and also a chattel mortgage for $2,000 on all the chattels, machinery, livestock and crops on the farm by Mohr to a stenographer in the attorney's office without any valuable consideration, which was never foreclosed nor sought to be collected, but was so executed for the purpose of further covering up defendant's property and in preventing the collection of plaintiff's indebtedness; that while the sheriff held the execution on said judgment for collection, defendant Mohr, on February 3, 1936, executed another purported chattel mortgage to said stenographer for $400 due in three years, without consideration, to defraud the plaintiff; that after the said deed was executed, Mohr and his wife continued to live on the land and to remain in exclusive and sole possession thereof, paid all taxes thereon and all credits on the Dighton-Dilatush Company mortgage; that Mohr has improved the premises, bought and paid for material and hardware used in improving the house, marketed all grain and crops raised thereon without any division or claim for rent by Dale, and that he held no lease thereon; that the plaintiff interviewed defendant W. O. Dale about the land, and Dale stated at one time that he paid no attention to it, and later that he took the deed to cover a debt Mohr owed him; that he did not know the amount of the debt; that it was a mere book account, not evidenced by a note or writing, and that the deed from Mohr to Dale was a mortgage.

The complaint further alleges that said deed conveying the farm to Dale was made by the defendants without any adequate consideration and with intent to defraud the plaintiff; that said land is not the land of Dale, but in reality is the property of Mohr, and by a secret arrangement and contrivance entered into between them is held in trust by Dale for the use and

benefit of Mohr for the fraudulent purpose of preventing a levy and sale on an execution on plaintiff's judgment; that the plaintiff knows of no other property out of which Mohr's debt can be made, and that no other persons have acquired any right or interest in the real estate since March 27, 1929, when a transcript of the judgment was filed in Champaign county.

Plaintiff prays that defendants be required to answer under oath to said allegations and that the deed, as to the plaintiff, be declared null and void, if so found to be fraudulent; that if the deed is found and decreed to be a mortgage, the amount due the defendant Dale be ascertained and declared a lien against said land, subject to the Dighton-Dilatush Company mortgage, and that the plaintiff's judgment be declared a further lien thereon, and for certain further equitable relief therein specifically prayed.

The defendants filed a motion to strike the complaint, based on six alleged grounds, namely: "that the complaint did not state a cause of action in chancery"; that the complaint fails to state facts showing intent on the part of any of the defendants to defraud creditors; that the complaint failed to state that plaintiff had recovered a judgment on which execution was issued and returned at the time of the conveyance; that no actual fraud or intent to defraud is alleged; that the complaint is inconsistent in its allegations respecting a consideration for the deed, and that it is improperly verified.

The motion was submitted on oral arguments and briefs, and the trial court filed with its decree dismissing the cause for want of equity a short written opinion, basing its decision on the sole ground that the alleged cause of action of the plaintiff was barred by the doctrine of laches, apparent from the allegations of the complaint, to which rulings the plaintiff excepted and the case was brought here on appeal.

Two questions arise for determination in passing upon the assignment of errors herein: (1) Does it appear from the facts and allegations set forth in the bill that the plaintiff is guilty of laches that would bar him from relief in a court of equity? (2) Can the defendant avail himself of the defense of laches without specifically raising it in his motion or by plea or answer in the court below?

It is earnestly contended by defendants in their brief that laches appear on the face of the complaint. For the purpose of this motion, all facts that are well pleaded are admitted by the defendants. *Barnett v. Gitlitz*, 290 Ill. App. 212, 8 N. E. (2d) 517.

We will first consider whether, independent of the sufficiency of the defendants' motion, the trial court erred in holding that the facts and circumstances set out in the complaint do not state a cause of action because of laches apparent on the face of the complaint.

Laches is such neglect or omission to assert a right as, taken in conjunction with lapse of time, more or less great, and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity. *Brunotte v. DeWitt*, 360 Ill. 518, 196 N. E. 489.

There is no fixed time that is held to apply in bar of actions in equity. Where it is necessary to prevent fraud or great hardship, courts of equity will grant relief, even after the statute of limitations applicable to actions at law has run, and in other cases, courts of equity may, in order to accomplish a proper result, bar the action in a shorter time than that prescribed by the statute. What is a reasonable time cannot well be defined, but must be left in large measure to the determination of the court in view of the facts presented. *Cory v. City of Hillsboro*, 205 Ill. App. 49; *Carlock v. Carlock*, 249 Ill. 330, 94 N. E. 507.

Mere delay in asserting a right does not ordinarily bar the enforcement of the right in equity on the ground of laches, unless the statutory period allowed

for asserting this right has elapsed. There must be, in addition to the delay, something in the conduct of the plaintiff which would make it inequitable to permit him to maintain his action. *Yunkes v. Webb,* 339 Ill. 22, 170 N. E. 709.

When, however, the status and conditions of the parties and subject matter have so changed as to render the relief unjust or inequitable, or when the lapse of time impairs and destroys evidence of the true facts and makes it impossible to meet positive testimony, a court of equity, finding itself unable to render substantial justice between parties, asserts the principle of laches on the ground of public policy and the repose of property rights. *Carlock v. Carlock, supra.*

When there is no evidence in the record showing or tending to show that appellees were in any manner prejudiced by appellant's delay in bringing his suit, the doctrine of laches will not apply. *Forest Preserve District v. Emerson,* 341 Ill. 442, 173 N. E. 477. A court of equity applies the doctrine of laches in the denial of relief only where from all the circumstances, the delay would render the relief to which the complaint would otherwise be entitled, inequitable and unjust. *Coryell v. Klehm,* 157 Ill. 462, 41 N. E. 864; *Luttrell v. Wyatt,* 305 Ill. 274-283, 137 N. E. 95; *Manson v. Berkman,* 356 Ill. 20, 190 N. E. 77.

Parties who combine together for the purpose of defrauding creditors or persons holding legal demands are precluded from relying on laches in a court of equity. *Greenman v. Greenman,* 107 Ill. 404.

No specific facts are alleged or shown that indicate why the plaintiff delayed his action for seven years. It is apparent that he could have been much more prompt and diligent in filing his suit. His judgment was in full force. The allegations of the complaint show, however, that the defendant Mohr is still in possession of the property, that he collects all rents, that he pays the taxes and interest on the mortgage

of $2,500, that the defendant Dale did not claim or assert any rights to the property and that the status of the property and interest of the parties remains the same now as they were at the time the note and indebtedness, which merged in the judgment, was due and the deed was made and recorded and that the claim had not been barred by the statute of limitations.

If the allegations in the complaint are taken as true, it is impossible to come to the conclusion that the defendants in this case have been prejudiced in any manner, by any delay, in the institution of this suit. The doctrine of laches was never intended to protect a wrongdoer or to bring about an end which is inequitable and unjust.

We hold that in other respects the complaint sets forth in substance sufficient allegations, facts, and circumstances to state an equitable cause of action and that the motion to dismiss the complaint should not have been allowed.

The appellant further contends that the trial court erred in permitting the defendants to raise the question of laches without specifically setting out this defense in his motion or by plea or answer in the court below.

The motion states only that ''(1) Said complaint does not state a cause of action in chancery.''

It is provided by section 45 of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 169; Jones Ill. Stats. Ann. 104.045, that: ''(1) All objections to pleadings heretofore raised by demurrer shall be raised by motion. Such motion shall point out specifically the defects complained of, and shall ask for such relief as the nature of the defects may make appropriate, such as the dismissal of the action or the entry of a judgment where a pleading is substantially insufficient in law, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out, or that necessary par-

ties be added, or that designated misjoined parties be dismissed, and so forth.''

In construing the above section, this court has said that: ''This section abolishes demurrers and substitutes a motion in the nature of a special demurrer, in that the motion must point out specifically the defects complained of and ask for such relief as the nature of the defects may make appropriate.'' *Hitchcock v. Reynolds,* 278 Ill. App. 559-562.

By par.· 2, section 45, ch. 110, *supra,* it is further provided that: (2) Where a pleading or a division thereof is objected to by a motion to dismiss or for judgment or to strike out the pleading, because it is substantially insufficient in law, the motion must specify wherein such pleading or division thereof is insufficient.''

Paragraphs 2 and 3, section 42, ch. 110, Ill. Rev. Stat. 1937, § 166; Jones Ill. Stats. Ann. 104.042, provide that: '' (2) No pleading shall be deemed bad in substance which shall contain such information as shall · reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet. (3) All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived.''

It is specifically provided by paragraph 4, section 43, ch. 110, Ill. Rev. Stat. 1937, § 167; Jones Ill. Stats. Ann. 104.043, that '' (4) The facts constituting any affirmative defense, such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, laches, statute of frauds, illegality,—and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the plaintiff's complaint, or the defendant's counterclaim, in whole or in part, and any ground or defense, whether affirmative or not, which if not expressly stated in the pleading, would be likely to take the opposite party by

surprise, must be plainly set forth in the answer or reply."

Prior to the adoption of the present Civil Practice Act, which became effective on January 1, 1934, the courts of review of this State adhered to the well settled rule of practice that in order to avail himself of the defense of laches, the defendant was required to either demur, generally or specifically, if the defect appeared on the face of the bill or to set up the defense in a special plea or answer so as to point out the defect and afford the complainant opportunity to amend the bill. *Spalding v. M. & W. I. R. Co.*, 225 Ill. 585, 80 N. E. 327; *Coryell v. Klehm, supra; Porter v. Armour & Co.*, 241 Ill. 145-154, 89 N. E. 356; *Ogden v. Stevens*, 241 Ill. 556, 89 N. E. 741; *Schnell v. City of Rock Island*, 232 Ill. 89-97, 83 N. E. 462. The general demurrer, having been abolished by statute and so construed by the courts of review of this State, could not be availed of to raise the defense of laches herein; hence "all defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived."

Under the construction of section 45 by this court, it is clear that in order to avail himself of the defense of laches, the defendant must set up the defense in a motion "in the nature of a special demurrer, in that the motion must point out specifically the defects complained of" and that "this section abolishes demurrers and substitutes a motion therefor." *Hitchcock v. Reynolds, supra.*

This, the motion to strike in the instant case utterly failed to do; hence the defendant could not avail himself of the defense of laches thereunder and we hold that it was error to grant this motion and dismiss the suit on the ground of laches which was neither pointed out nor set forth in defendants' motion.

For the reasons stated, the decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*